UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY HART | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | |
| v. | § | |
| | § | |
| INTERCONTINENTAL | § | **JURY TRIAL DEMANDED** |
| TERMINALS COMPANY, LLC | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mary Hart asks the Court to enter judgment against Defendant Intercontinental Terminals Company, LLC ("ITC").

### PARTIES

1. Plaintiff is an individual residing in Harris County, Texas.

2. Defendant is a Delaware corporation with its principal place of business in Harris County, Texas. It may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the case is based on The Equal Pay Act, 29 U.S.C. § 206(d), a federal statute, and pursuant to 28 U.S.C. § 1337 because the action is based on a federal statute regulating commerce.

4. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because ITC committed all or a substantial portion of the

unlawful employment practices in Deer Park, Harris County, Texas, located within the Southern District of Texas – Houston Division.

## NATURE OF THE CASE

5.  This case arises from ITC violating The Equal Pay Act, 29 U.S.C. § 206(d). ITC unlawfully discriminated and retaliated against Ms. Hart because of her gender. It discriminated and retaliated against Ms. Hart by, among other things, ostracizing, marginalizing, threatening, verbally abusing and intimidating her. ITC had a policy and practice not to treat females fairly, provide them equal opportunity for advancement or pay them the same or similarly to their male counterparts.

## STATEMENT OF FACTS

6.  Defendant operates a large quantity storage facility in Deer Park, Texas, providing terminal services to the petrochemical industry ("ITC Deer Park"). Its field operations involved 239 tanks with a capacity of nearly 13 million barrels. It stored hazardous materials and petrochemical liquid and gas, as well as fuel oil, bunker oil, and distillates. ITC's facilities include multiple ship and barge docks, rail and truck access, and pipeline connections.

7.  ITC employed Ms. Hart from March 6, 1990 to November 19, 2017.

8.  ITC constructively terminated Ms. Hart on November 17, 2017.

9.  ITC first employed Ms. Hart as an Environmental Lab Technician.

10. ITC employed at least three hundred employees at its Deer Park, Texas location. Ms. Hart was the only ITC female field operations employee.[1]

11. Within three months of ITC hiring Ms. Hart, ITC transferred other employees working in the lab to other positions, leaving only Ms. Hart to run the lab. Over the years, ITC gave Ms. Hart occasional, small pay raises, but it never promoted her to management or

---

[1] ITC employed other females during Ms. Hart's 28-year tenure but only in administrative capacities.

supervisory positions despite her repeatedly applying for promotions and other jobs for which she was imminently qualified. ITC always promoted males to these positions although the promoted males were almost always less qualified and experienced.

12. On or about January 5, 2015, ITC told Ms. Hart it was promoting her to the Hazardous Waste Specialist position vacated by another male employee, who was promoted to Lead Environmental Supervisor. ITC told Ms. Hart that it would not transition her to the specialist position or increase her pay (commensurate with the promotion) until she completed training her replacement and completed training for the specialist position. ITC gave both males pay raises immediately before either completed training for their new positions.

13. On or about March 12, 2015, Ms. Hart officially assumed her new position as Hazardous Waste Specialist but she continued to work with Mr. Bass for purported additional training, such training being unnecessary and merely a pretext for refusing her a pay raise. Ms. Hart had backed-up the Hazardous Waste Specialist position for 12 years substituting for the position any time the hazardous waste specialist was vacationing or sick

14. Finally, on or about April 28, 2015, Ms. Hart completed "training" with Mr. Bass. ITC never gave her the promised raise.

15. ITC denied Ms. Hart's vacation or sick day requests if a male employee requested vacation leave at the same time. ITC consistently granted its male employees vacation and sick days upon request.

16. ITC denied Ms. Hart step-up pay--an increased pay rate whenever an employee fills in for another employee. ITC consistently paid its male employees step-up pay.

17. ITC either denied or severely limited Ms. Hart's overtime. ITC consistently granted and paid its male employees overtime as needed or wanted.

18. Ms. Hart performed exceptionally in every position she held with ITC. She attended numerous continuing education courses obtaining specialized certifications and licenses, for both of which her male counterparts received additional pay, advancement or other benefits.

19. Male employees Ms. Hart trained earned higher wages/salary than Ms. Hart during the period of time she trained them and when ITC promoted them over her.

20. ITC's actions, and inaction, created a "boys only" club where it allowed only male employees to advance.

## VIOLATION OF EQUAL PAY ACT

21. Paragraphs 6 through 20 are incorporated herein by reference.

22. ITC is an "employer" within the meaning of 29 U.S.C. § 203(d).

23. Ms. Hart, a female employee, was paid less than male employees performing the same or similar jobs requiring similar skill, effort, and responsibility in similar working conditions. Ms. Hart received lower hourly wage or salary, overtime pay, bonuses, paid vacation and holidays, benefits, and other forms of compensation than similarly situated male employees.

24. The acts, failures, practices and policies of ITC set forth above constitute willful discrimination with respect to salary, bonuses, and all other forms of compensation paid to females versus males for substantially equal work on jobs requiring equal skill, effort and responsibility and performed under similar working conditions in violation of the Equal Pay Act ("EPA") of the Fair Labor Standards Act, 29 U.S.C. § 206(d).

## JURY TRIAL DEMANDED

25. Ms. Hart demands a trial by jury on all triable issues.

## REQUEST FOR RELIEF

26. Ms. Hart respectfully requests that the Court issue citation and upon trial of this cause, grant judgment in Ms. Hart's favor and against the ITC for the aforesaid intentional violations of the Equal Pay Act as follows:

    a. compensatory damages, including back Pay;

    b. liquidated damages for Defendant's willful violations of the Equal Pay Act;

    c. attorneys' fees and costs of the suit; and

    d. such other relief as this Court deems equitable and just.

        Respectfully submitted,

        THE GREENWOOD LAW FIRM, PLLC
        */s/ Sean Greenwood*
        Sean Greenwood
        Attorney-in-Charge
        State Bar No. 08408730
        SDTX ID: 15015
        3939 Washington Avenue, Suite 200
        TEL: (832) 356-1588
        FAX: (832) 356-1589
        EMAIL: sean@gwoodlaw.com

        ATTORNEY FOR PLAINTIFF,
        MARY HART