UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY HART, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civ. A. No.: 18-504 |
| INTERCONTINENTAL TERMINALS COMPANY, LLC | § § § § | |
| *Defendant*. | § | |

**Answer**

Defendant Intercontinental Terminals Company, LLC ("ITC") files this Answer in response to Plaintiff Mary Hart's Original Complaint (Dkt. 1). Any allegation not specifically admitted is denied.

## I.    Responses to Plaintiff's Allegations

### Parties

1. ITC is without knowledge or sufficient information to admit or deny Plaintiff's residence, and therefore denies Paragraph 1.

2. ITC admits the allegations in Paragraph 2.

### Jurisdiction and Venue

3. ITC admits that this Court has jurisdiction over this matter and denies that it is liable to Plaintiff in any way.

4. ITC admits that this Court is the proper venue for this matter and denies that it is liable to Plaintiff in any way.

1

## Nature of the case

5.ITC admits that Plaintiff brings this claim under the Equal Pay Act, 29 U.S.C. § 206(d). ITC denies all other allegations contained in Paragraph 5, and denies that it is liable to Plaintiff in any way.

## Statement of [Alleged] Facts

6.ITC admits the allegations in Paragraph 6.

7.ITC admits the allegations in Paragraph 7.

8.ITC denies the allegations in Paragraph 8.

9.ITC admits the allegations in Paragraph 9.

10.ITC denies the allegations in Paragraph 10, including footnote 1 thereto.

11.ITC denies the allegations in Paragraph 11.

12.ITC denies the allegations in Paragraph 12.

13.ITC denies the allegations in Paragraph 13.

14.ITC denies the allegations in Paragraph 14.

15.ITC denies the allegations in Paragraph 15.

16.ITC denies the allegations in Paragraph 16.

17.ITC denies the allegations in Paragraph 17.

18.ITC denies the allegations in Paragraph 18.

19.ITC denies the allegations in Paragraph 19.

20.ITC denies the allegations in Paragraph 20.

### [Alleged] Violation of the Equal Pay Act

21. ITC repeats and re-alleges its responses to Paragraphs 6 through 20, as set forth above.

22. The allegations contained in Paragraph 22 constitute legal statements and/or conclusions, and ITC denies all such allegations.

23. The allegations contained in Paragraph 23 constitute legal statements and/or conclusions, and ITC denies all such allegations.

24. The allegations contained in Paragraph 24 constitute legal statements and/or conclusions, and ITC denies all such allegations.

### [Plaintiff's] Jury Demand

25. The allegations set forth in Paragraph 25 do not require a response.

### [Plaintiff's] Request for Relief

26. The allegations set forth in Plaintiff's request for relief do not require a response; however, ITC denies Plaintiff is entitled to any relief as enumerated in all subparts of this paragraph.

### II.     Defenses and Affirmative Defenses

Without assuming any burden of proof that would otherwise rest with Plaintiff, ITC states the following defenses:

1. Plaintiff's Original Complaint should be dismissed in whole or in part under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

2. Plaintiff cannot establish a *prima facie* case of unequal pay because she did not perform job duties substantially equal to those performed by her male comparators.

3. Plaintiff was not paid less than male comparators for performing the same or substantially similar job positions requiring equal skills, effort, and responsibility.

4. To the extent Plaintiff establishes that she was paid at a rate less than the rate at which ITC paid wages to male employees in the same establishment for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which were performed under similar working conditions, any such differential was because of (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex.

5. To the extent Plaintiff proves a difference in wages between her and any alleged male comparator, that difference was attributable to a "factor other than sex" within the meaning of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

6. To the extent Plaintiff proves a difference in wages between her and any alleged male comparator, that pay differential was based on a "factor other than sex," including the previous work experiences, training, and abilities of the male employees as compared to Plaintiff.

7. Any disparity in Plaintiff's pay as compared to males performing allegedly equal work was based on a seniority system that provides higher pay to employees with more years of service to ITC.

8. To the extent Plaintiff's Equal Pay Act claims are based on conduct that occurred more than two years before the filing of the Original Complaint, Plaintiff's claims are barred by the statute of limitations. *See* 29 U.S.C. § 255(a).

9. Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiff were able to prove an alleged violation of the Equal Pay Act, which ITC expressly denies, any such violation was not willful within the meaning of the Equal Pay Act.

10. Plaintiff is not entitled to liquidated damages because ITC's employing of individuals as Lead Environmental Supervisor at a different pay level than Hazardous Waste Specialist was done in good faith and based on reasonable grounds for believing that this action did not violate the Equal Pay Act.

ITC specifically reserves the right to assert additional defenses, claims, counterclaims, cross-claim, and/or causes of action that may be come appropriate based upon investigation or other discovery that may occur during the course of the litigation.

### III.   Defendant's Conclusion and Prayer

Wherefore, Defendant Intercontinental Terminals Company, LLC, respectfully requests that this Court dismiss Plaintiff's Original Complaint in its entirety with prejudice, award ITC its costs and attorney's fees, and award ITC any such other relief, at law or in equity, that this Court deems just and proper.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.

        */s/ Stephen J. Quezada*
        Stephen J. Quezada
        Texas SBN: 24076195
        USDC SD/TX: 1348753
        One Allen Center
        500 Dallas St., Ste. 3000
        Houston, Texas 77002
        713-655-0855 (Phone)
        713-655-0020 (Fax)
        stephen.quezada@ogletreedeakins.com

        **ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**

Gauri D. Nautiyal
Oklahoma SBN: 31669
USDC SD/TX: 3150790
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
gauri.nautiyal@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2018 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following counsel of record:

  Sean Greenwood
  THE GREENWOOD LAW FIRM, PLLC
  3939 Washington Avenue, Suite 200
  Houston, Texas 77007

  **ATTORNEY FOR PLAINTIFF**

        */s/ Stephen J. Quezada*
        Stephen J. Quezada