UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY HART, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. A. No.: 4:18-cv-00504 |
| | § | |
| INTERCONTINENTAL | § | |
| TERMINALS COMPANY, LLC | § | |
| | § | |
| *Defendant*. | § | |

**Defendant's Answer to Plaintiff's First Amended Complaint**

Defendant Intercontinental Terminals Company, LLC ("ITC") files this Answer in response to Plaintiff Mary Hart's First Amended Complaint (Dkt. 19). Any allegation not specifically admitted is denied. Subject to the Defenses and Affirmative Defenses set forth below, ITC responds as follows:

## I.        Responses to Plaintiff's Allegations

### Parties

1.      ITC is without knowledge or sufficient information to admit or deny Plaintiff's residence, and therefore denies Paragraph 1.

2.      ITC admits the allegations in Paragraph 2.

### Jurisdiction and Venue

3.      ITC admits that this Court has jurisdiction over this matter and denies that it is liable to Plaintiff in any way.

4.      ITC admits that this Court is the proper venue for this matter and denies that it is liable to Plaintiff in any way.

## Nature of the Case

5.      ITC admits that Plaintiff brings this claim under the Equal Pay Act, 29 U.S.C. § 206(d). ITC denies all other allegations contained in Paragraph 5, and denies that it is liable to Plaintiff in any way.

6.      ITC denies the allegations in Paragraph 6.

## Statement of [Alleged] Facts

7.      ITC admits the allegations in Paragraph 7.

8.      ITC admits the allegations in Paragraph 8.

9.      ITC denies the allegations in sentence 1 of Paragraph 9. While ITC admits that Plaintiff sent a notice of resignation on November 19, 2017, ITC denies that it "constructively terminated" Plaintiff. ITC denies the allegations in sentence 2 of Paragraph 9.

10.     ITC admits the allegations in Paragraph 10.

11.     ITC denies Paragraph 11, including footnote 1 thereto.

12.     ITC denies the allegations in Paragraph 12.

13.     ITC denies the allegations in Paragraph 13.

14.     ITC admits that in January 2015 Plaintiff began her transition to the Hazardous Waste Specialist role. ITC denies all remaining allegations in Paragraph 14.

15.     ITC denies the allegations in Paragraph 15.

16.     ITC denies the allegations in Paragraph 16.

17.     ITC admits that Plaintiff made at least one verbal complaint of discrimination, but denies all remaining allegations in Paragraph 17.

18.     ITC denies the allegations in Paragraph 18.

19.     ITC denies the allegations in Paragraph 19.

20.     ITC denies the allegations in Paragraph 20.

21.     ITC denies the allegations in Paragraph 21.

22.     ITC denies the allegations in Paragraph 22.

23.     ITC denies the allegations in Paragraph 23.

24.     ITC denies the allegations in Paragraph 24.

25.     ITC denies the allegations in Paragraph 25.

26.     ITC denies the allegations in Paragraph 26.

27.     ITC admits the first sentence of Paragraph 27. ITC admits that Plaintiff was on shift during Hurricane Harvey in August 2017. ITC denies the remaining allegations in Paragraph 27.

28.     Paragraph 28 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusion are considered to contain factual allegations, ITC denies them. ITC denies all remaining allegations in Paragraph 28.

29.     ITC denies the allegations in Paragraph 29.

30.     ITC denies the allegations in Paragraph 30.

31.     ITC admits that it self-reported the discharge to the Texas Commission of Environmental Quality ("TCEQ") immediately after the incident. ITC is without sufficient information to admit or deny the remaining allegations in Paragraph 31; therefore, the allegations are denied.

32.     ITC is without sufficient information to admit or deny the allegations in Paragraph 32; therefore, the allegations are denied.

33.     ITC is without sufficient information to admit or deny the allegations in Paragraph 33; therefore, the allegations are denied.

34.     ITC admits it properly remediated the site of an accidental overflow. ITC denies all remaining allegations in Paragraph 34.

35.     ITC denies the allegations in Paragraph 35.

36.     ITC is without sufficient information to admit or deny the allegations in Paragraph 36; therefore, the allegations are denied.

37.     ITC is without sufficient information to admit or deny the allegations in sentence 1 of Paragraph 37; therefore, the allegations are denied. ITC denies the allegations in sentence 2 of Paragraph 37.

38.     ITC admits that Hart resigned her employment with ITC. ITC denies all remaining allegations in Paragraph 38.

## [Alleged] Violation of the Equal Pay Act

39.     ITC repeats and re-alleges its responses to Paragraphs 6 through 38, as set forth above.

40.     The allegations contained in Paragraph 40 constitute legal statements and/or conclusions that do not require a response. To the extent a response is required, ITC denies all such allegations.

41.     The allegations contained in Paragraph 41 constitute legal statements and/or conclusions that do not require a response. To the extent a response is required, ITC denies all such allegations.

42.     The allegations contained in Paragraph 42 constitute legal statements and/or conclusions that do not require a response. To the extent a response is required, ITC denies all such allegations.

### [Alleged] Violation of Title VII (Sex Discrimination)

43.     ITC denies all allegations in Paragraph 43.

44.     ITC denies all allegations in Paragraph 44.

### [Alleged] Constructive Discharge Under the Texas Public Policy Exception to "At Will" Employment

45.     The allegation in sentence 1 of Paragraph 45 constitutes a legal statement and/or conclusion that does not require a response. To the extent it is considered to contain factual allegations, ITC denies sentence 1 of Paragraph 45. ITC denies all remaining allegations in Paragraph 45.

46.     The allegations contained in Paragraph 46 constitute legal statements and/or conclusions that do not require a response. To the extent Paragraph 46 is considered to contain factual allegations, ITC denies all of those allegations.

47.     ITC denies all allegations in Paragraph 47.

48.     ITC denies all allegations in Paragraph 48.

### [Plaintiff's] Jury Demand

49.     The allegations set forth in Paragraph 49 do not require a response.

### [Plaintiff's] Request for Relief

The allegations set forth in Plaintiff's request for relief do not require a response; however, ITC denies Plaintiff is entitled to any relief as enumerated in all subparts of this paragraph.

### II.     Defenses and Affirmative Defenses

Without assuming any burden of proof that would otherwise rest with Plaintiff, ITC states the following defenses:

1.      Plaintiff's First Amended Complaint should be dismissed in whole or in part under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the failure to exhaust administrative prerequisites to filing suit.

3.      Plaintiff's claim are barred, in whole or in part, by the doctrine of unclean hands.

4.      Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff submitted to the Equal Employment Opportunity Commission.

5.      Any of Plaintiff's Title VII allegations based upon conduct that occurred more than 300 days prior to the date of submission of Plaintiff's Charge of Discrimination is time-barred.

6.      To the extent any claims asserted by Plaintiff in this lawsuit are barred by the applicable statute of limitations, ITC asserts that defense.

7.      Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to sex.

8.      Plaintiff voluntarily resigned her employment with ITC and is solely responsible for her separation from ITC.

9.      Plaintiff is barred from recovering damages because she has failed to mitigate her damages, including the failure to accept work or to exercise diligence in seeking employment.

10.     Plaintiff's claim for punitive and liquidated damages fails because ITC did not act willfully, with reckless disregard, or with any specific malice towards Plaintiff.

11.     If any improper, illegal, or discriminatory act was taken by any ITC employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to ITC's policies, and was not ratified, confirmed, or approved by ITC. Thus, any such actions cannot be attributed or imputed to ITC.

12.     ITC cannot be vicariously liable for discriminatory employment decisions of its managerial agents because those decisions, if any, were contrary to ITC's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination. Thus, Plaintiff is not entitled to recover punitive damages.

13.     Any imposition of punitive damages would contravene ITC's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the U.S. Constitution.

14.     Under 42 U.S.C. § 1981a, any award of compensatory and punitive damages to Plaintiff may not exceed $300,000. To the extent there are any other statutory damages camps for any of the claims asserted by Plaintiff, such caps limit any recoverable damages.

15.     Plaintiff cannot establish the requisite causal nexus to prove she was wrongfully terminated pursuant to the *Sabine Pilot* exception to at-will employment.

16.     Plaintiff cannot establish a *prima facie* case of unequal pay because she did not perform job duties substantially equal to those performed by her male comparators.

17.     Plaintiff was not paid less than male comparators for performing the same or substantially similar job positions requiring equal skills, effort, and responsibility.

18.     To the extent Plaintiff establishes that she was paid at a rate less than the rate at which ITC paid wages to male employees in the same establishment for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which were performed

under similar working conditions, any such differential was because of (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex within the meaning of the Equal Pay Act, 29 U.S.C. § 206(d)(1), including the previous work experiences, training, and abilities of the male employees as compared to Plaintiff.

19.     To the extent Plaintiff's Equal Pay Act claims are based on conduct that occurred more than two years before the filing of the Original Complaint, Plaintiff's claims are barred by the statute of limitations.  *See* 29 U.S.C. § 255(a).

20.     Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiff were able to prove an alleged violation of the Equal Pay Act, which ITC expressly denies, any such violation was not willful within the meaning of the Equal Pay Act.

21.     Plaintiff is not entitled to liquidated damages because ITC's employing of individuals as Lead Environmental Supervisor at a different pay level than Hazardous Waste Specialist was done in good faith and based on reasonable grounds for believing that this action did not violate the Equal Pay Act.

ITC specifically reserves the right to assert additional defenses, claims, counterclaims, cross-claim, and/or causes of action that may be come appropriate based upon investigation or other discovery that may occur during the course of the litigation.

### III.     ITC's Conclusion and Prayer

Wherefore, Defendant Intercontinental Terminals Company, LLC, respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety with prejudice, award ITC its costs and attorney's fees, and award ITC any such other relief, at law or in equity, that this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

*/s/ Stephen J. Quezada*
Stephen J. Quezada
Texas SBN: 24076195
USDC SD/TX: 1348753
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
stephen.quezada@ogletreedeakins.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**

Gauri D. Nautiyal
Oklahoma SBN: 31669
USDC SD/TX: 3150790
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
gauri.nautiyal@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2019, the foregoing was filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following counsel of record:

Sean Greenwood
THE GREENWOOD LAW FIRM, PLLC
3939 Washington Avenue, Suite 200
Houston, Texas 77007

Linda D. King
GORANSONKING, PLLC
1415 N. Loop W., Suite 1100
Houston, Texas 77008

*/s/ Stephen J. Quezada*
Stephen J. Quezada

36970591.1