UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY HART, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. A. No.: 4:18-cv-00504 |
| | § | |
| INTERCONTINENTAL | § | Jury Trial Demanded |
| TERMINALS COMPANY, LLC, | § | |
| BRENT WEBER & CARL HOLLEY, | § | |
| | § | |
| *Defendants*. | § | |

**Defendant Intercontinental Terminals Company, LLC's
Answer to Plaintiff's Second Amended Complaint**

Defendant Intercontinental Terminals Company, LLC ("Defendant") files this Answer in response to Plaintiff Mary Hart's Second Amended Complaint (Dkt. 30). Any allegation not specifically admitted is denied. Subject to the Defenses and Affirmative Defenses set forth below, Defendant responds as follows:

### I.   Responses to Plaintiff's Allegations

#### Parties

1. Defendant is without knowledge or sufficient information to admit or deny Plaintiff's residence, and therefore denies Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant admits that Brent Weber may be served at his place of employment at 1943 Independence Parkway South, La Porte, Texas 77571.

4. Defendant admits that Carl Holley may be served at his place of employment at 1943 Independence Parkway South, La Porte, Texas 77571.

## Jurisdiction and Venue

5. Defendant admits that this Court has jurisdiction over this matter and denies that it is liable to Plaintiff in any way.

6. Defendant admits that this Court is the proper venue for this matter and denies that it is liable to Plaintiff in any way.

## Nature of the Case

7. Defendant admits that Plaintiff purports to bring a claim against it under the Equal Pay Act, 29 U.S.C. § 206(d). Defendant denies all other allegations contained in Paragraph 7, and denies that it is liable to Plaintiff in any way.

8. Defendant denies the allegations in Paragraph 8.

## Statement of [Alleged] Facts

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the first sentence of Paragraph 12. Defendant denies all remaining allegations in Paragraph 12 and its footnote.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant admits that in January 2015, Plaintiff began her transition to the Hazardous Waste Specialist role. Defendant denies all remaining allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant admits that Plaintiff made one verbal complaint of discrimination. Defendant denies all remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits that Brian Obermier commenced his employment with Defendant in fall of 2017. Defendant denies all remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

31. Defendant is without sufficient information to form a belief about the truth of the first and second sentence of Paragraph 31. Defendant denies all remaining allegations in Paragraph 31.

32. Defendant denies the first sentence of Paragraph 32. Defendant is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 32 and therefore denies the same.

30. [*Sic*] Defendant admits that Brent Weber and Miguel Escoto met with employees. Defendant denies all remaining allegations in Paragraph 30 [*sic*].

31. [*Sic*] Defendant denies the allegations in Paragraph 31 [*sic*].

32. [*Sic*] Defendant denies the allegations in Paragraph 32 [*sic*].

33. Defendant is without sufficient information to form a belief about the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Defendant is without sufficient information to form a belief about the truth of the allegations in Paragraph 34 and therefore denies the same.

35. Defendant is without sufficient information to form a belief about the truth of the allegations in Paragraph 35 and therefore denies the same.

36. Paragraph 36 contains legal assertions and conclusions that do not requires a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

37. Defendant is without sufficient information to form a belief about the truth of the allegations in Paragraph 37 and therefore denies the same.

38. Defendant admits it properly remediated the site. Defendant is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 38 and therefore denies the same.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant is without sufficient information to form a belief about the truth of the allegations in Paragraph 46 and therefore denies the same.

47. Defendant is without sufficient information to form a belief about the truth of the allegations in Paragraph 47 and therefore denies the same.

48. Defendant admits that Plaintiff resigned her employment with it. Defendant denies all remaining allegations under Paragraph 48.

## [Alleged] Violation of the Equal Pay Act

49. Defendant repeats and re-alleges its responses to Paragraphs 6 through 26, as set forth above.

50. Paragraph 50 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

51. Defendant denies all the allegations in Paragraph 51.

52. Paragraph 52 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

## [Alleged] Violation of Title VII (Sex Discrimination)

53. Defendant denies all allegations in Paragraph 53.

54. Defendant denies all allegations in Paragraph 54.

## [Alleged] *Sabine Pilot* Wrongful Discharge

55. The allegation in sentence 1 of Paragraph 55 constitutes a legal assertion and conclusion that does not require a response. To the extent that assertion and conclusion is considered to contain factual allegations, Defendant denies the same. Defendant denies all remaining allegations in Paragraph 55.

56. Paragraph 56 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant admits it informed Plaintiff it would file a report notifying the TCEQ of the discharge. Defendant denies all remaining allegations in Paragraph 58.

## [Alleged Violation of] CERCLA/SWDA

59. The allegations contained in Paragraph 59 constitute legal statements and/or conclusions that do not require a response. To the extent Paragraph 59 is considered to contain factual allegations, Defendant denies it.

60. Paragraph 60 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Paragraph 63 contains legal assertions and conclusions that do not require a response. To the extent those assertions and conclusions are considered to contain factual allegations, Defendant denies the same.

### [Plaintiff's] Jury Demand

49. [*Sic*] The allegations set forth in Paragraph 49 [*sic*] do not require a response.

### [Plaintiff's] Request for Relief

The allegations set forth in Plaintiff's request for relief do not require a response; however, Defendant denies Plaintiff is entitled to any relief as enumerated in all subparts of this paragraph.

### II. Defenses and Affirmative Defenses

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses:

1. Plaintiff's Second Amended Complaint should be dismissed in whole or in part under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

2. Plaintiff's Second Amended Complaint should be dismissed, in whole or in part, based on this Court's lack of jurisdiction.

3. Plaintiff's claims are barred, in whole or in part, by the failure to exhaust administrative prerequisites to filing suit.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

7. Plaintiff's claims are barred by Plaintiff's own comparative and/or contributory negligence.

8. Plaintiff's claims are barred, in whole or in part, because she has failed to fulfill all conditions precedent required for her claims.

9. The individual defendants cannot be personally liable under Title VII of the Civil Rights Act of 1964.

10. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff submitted to the Equal Employment Opportunity Commission.

11. Any of Plaintiff's Title VII allegations based upon conduct that occurred more than 300 days prior to the date of submission of Plaintiff's Charge of Discrimination is time-barred.

12. To the extent any claims asserted by Plaintiff in this lawsuit are barred by the applicable statute of limitations, Defendant asserts that defense.

13. Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to sex.

14. Plaintiff voluntarily resigned her employment with Defendant and is solely responsible for her separation from Defendant. Defendant took no adverse action against Plaintiff.

15. Plaintiff is barred from recovering damages because she has failed to mitigate her damages, including the failure to accept work or to exercise diligence in seeking employment.

16. The sole cause of the discharge(s) of which Plaintiff complains was an act of God.

17. Plaintiff's claim for punitive and liquidated damages fails because Defendant did not act willfully, with reckless disregard, or with any specific malice towards Plaintiff.

18. If any improper, illegal, or discriminatory act was taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that employee's employment,

contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

19. Defendant cannot be vicariously liable for discriminatory employment decisions of its managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination. Thus, Plaintiff is not entitled to recover punitive damages.

20. Any imposition of punitive damages would contravene Defendant's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the U.S. Constitution.

21. Under 42 U.S.C. § 1981a, any award of compensatory and punitive damages to Plaintiff may not exceed $300,000. To the extent there are any other statutory damages camps for any of the claims asserted by Plaintiff, such caps limit any recoverable damages.

22. Plaintiff cannot establish the requisite causal nexus to prove she was wrongfully terminated pursuant to the *Sabine Pilot* exception, or any other statutory or common law exception, to at-will employment.

23. Plaintiff cannot establish a *prima facie* case of unequal pay because she did not perform job duties substantially equal to those performed by her male comparators.

24. Plaintiff was not paid less than male comparators for performing the same or substantially similar job positions requiring equal skills, effort, and responsibility.

25. To the extent Plaintiff establishes that she was paid at a rate less than the rate at which Defendant paid wages to male employees in the same establishment for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which were performed under similar working conditions, any such differential was because of (1) a seniority

system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex within the meaning of the Equal Pay Act, 29 U.S.C. § 206(d)(1), including the previous work experiences, training, and abilities of the male employees as compared to Plaintiff.

26. To the extent Plaintiff's Equal Pay Act claims are based on conduct that occurred more than two years before the filing of the Original Complaint, Plaintiff's claims are barred by the statute of limitations. *See* 29 U.S.C. § 255(a).

27. Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiff were able to prove an alleged violation of the Equal Pay Act, which Defendant expressly denies, any such violation was not willful within the meaning of the Equal Pay Act.

28. Plaintiff is not entitled to liquidated damages because Defendant's employing of individuals as Lead Environmental Supervisor at a different pay level than Hazardous Waste Specialist was done in good faith and based on reasonable grounds for believing that this action did not violate the Equal Pay Act.

Defendant reserves the right to assert additional defenses, claims, counterclaims, cross-claim, and/or causes of action that may be come appropriate based upon investigation or other discovery that may occur during the course of the litigation.

### III.   Defendant's Conclusion and Prayer

Wherefore, Defendant Intercontinental Terminals Company, LLC respectfully request that this Court dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice, award Defendant its costs and attorney's fees, and award Defendant any such other relief, at law or in equity, that this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

*/s/ Stephen J. Quezada*
Stephen J. Quezada
Texas SBN: 24076195
USDC SD/TX: 1348753
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
stephen.quezada@ogletreedeakins.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT INTERCONTINENTAL TERMINALS COMPANY, LLC**

**OF COUNSEL:**

Gauri D. Nautiyal
Oklahoma SBN: 31669
USDC SD/TX: 3150790
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
gauri.nautiyal@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2019, the foregoing was filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following counsel of record:

    Sean Greenwood
    THE GREENWOOD LAW FIRM, PLLC
    3939 Washington Avenue, Suite 200
    Houston, Texas 77007

    Linda D. King
    GORANSONKING, PLLC
    1415 N. Loop W., Suite 1100
    Houston, Texas 77008

                                          */s/ Stephen J. Quezada*
                                          Stephen J. Quezada